### BIRDSEY-SOMERS CO. v. SLEEPER.

(Supreme Court, Appellate Term.   June 13, 1912.)

1. COURTS (§ 189*)—CITY COURT—CALENDAR—PREFERRED CAUSES—RULES OF COURT.

City Court rule 2, providing that, where the trial actually occupies more than two hours, the court may, in its discretion, send the cause to the foot of the general calendar, does not authorize the court to set a case down for any particular day on the general calendar, but vests in the court discretion either to hear the case through or send it to the foot of the general calendar.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 412, 413, 429, 458; Dec. Dig. § 189.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**2. TRIAL (§ 13*)—CALENDAR—PREFERRED CAUSES—RULES OF COURT.**

Code Civ. Proc. § 791, declaring that civil causes are entitled to a preference among themselves in a specified order, does not justify the City Court to set a case down for any particular day, where the pleadings show that the status of the parties or the issues involved do not bring the case within the statute, and where neither was any notice of preference served with notice of trial nor an application made on notice for an order preferring the case as provided in section 793.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 32; Dec. Dig. § 13.*]

Appeal from City Court of New York, Trial Term.

Action by the Birdsey-Somers Company against Mae Sleeper. From the portion of an order of the City Court providing that the cause be set down on the day calendar of the court, to be called for trial in Trial Term on a designated date, defendant appeals. Reversed.

Argued June term, 1912, before SEABURY, LEHMAN, and BIJUR, JJ.

Waldo G. Morse, of New York City, for appellant.
Daniel D. Sherman, of New York City, for respondent.

BIJUR, J. This case was duly placed on the short-cause calendar of the City Court; but as the trial greatly exceeded two hours, and was still unfinished, the court announced that it would make an order putting the case "on the long-cause calendar for some day the next week," to which the defendant duly objected. Thereafter the order appealed from was signed, restoring the case to the general calendar and setting it down for the 9th day of March, 1912.

[1] By rule 2 of the City Court:

"If the trial shall actually occupy more than two hours, the court may, in its discretion, send the cause to the foot of the general calendar."

This does not permit the court to set the case down for any particular day on the general calendar, as such a disposition may well bring the cause on for trial ahead of younger issues. The discretion vested in the court is either to hear the case through, or to send it to the foot of the general calendar.

[2] There is nothing in section 791 of the Code to justify this preference by the court. It does not appear from the pleadings that the status of the parties to the action, or the issues involved, bring the case within that section, nor was a notice of preference served with the notice of trial, or an application upon due notice made for an order preferring the case, as provided in section 793 of the Code.

The order, so far as appealed from, must therefore be reversed, with $10 costs and disbursements, and the case restored to the foot of the general calendar as of the date of the mistrial. All concur.